**EDWIN D. SCHINDLER (NY Bar No. 1988880)**
**Five Hirsch Avenue**
**P. O. Box 966**
**Coram, New York 11727-0966**
***Telephone*: (631)474-5373**
***Fax*: (631)474-5374**
***E-Mail*: EDSchindler@att.net**
**EDSchindler@optonline.net**

**ROBERT E. LYON (California Bar No. 35086)**
**1055 West 7th Street, Suite 1880**
**Los Angeles, California 90017**
***Telephone*: (213)215-5365**
***Fax*: (213)622-7890**
***E-Mail*: BobLyon@cox.net**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**MM&R PRODUCTS, INC., a California corporation; and TRÉ MILANO, LLC, a California Limited Liability Company,**

**Plaintiffs,**

***-v.-***

**STITCH N' GENIUS, INC., a California Corporation; ELIAS AMKIE, an Individual d/b/a "Kassumi; Does 1 – 10,**

**Defendants.**

**Civil Action No.**

**CV09-4082 VBF (RCx)**

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF TRÉ MILANO LLC'S FIFTH, SIXTH, SEVENTH AND EIGHTH CLAIMS FOR LACK OF STANDING AND/OR FOR LACK OF SUBJECT JURISDICTION, PURSUANT TO FED.R.CIV.P. 12(b)(1)**

**Date: September 14, 2009**
**Courtroom: 9**
**Time: 1:30 pm**

**STITCH N' GENIUS, INC., a California Corporation; and,
ELIAS AMKIE, an Individual,**

**Counterclaim-Plaintiffs**

***-v.-***

**MM&R PRODUCTS, INC., a California corporation; and
TRÉ MILANO, LLC, a California Limited Liability Company,**

**Counterclaim-Defendants.**

# TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Cases | ii |
| United States Constitution Citation | ii |
| United States Code Citations | iii |
| Federal Rules of Civil Procedure Citation | iii |
| California State Statute Citations | iii |
| I. Introduction | 1 |
| II. TML's Fifth, Sixth, Seventh and Eighth Claims for Relief Fail to Allege Any "Injury-in-Fact" and/or Are Preempted by Federal Patent Law | 1 |
| III. Argument | 3 |
| *A. Standard of Review for Ruling Upon a Fed.R.Civ.P. 12(b)(1) Motion to Dismiss* | 3 |
| *B. TML's Fifth Claim for Relief* | 4 |
| *C. TML's Sixth, Seventh and Eighth Claims for Relief* | 5 |
| IV. Conclusion | 7 |

Table of Cases

Page

Associated General Contractors of California Inc. v. California State Council of Carpenters, 459 U.S. 519 (1983).......... 5

Buckland v. Threshold Enterprises, Ltd., 155 Cal.App.4th 798 (2007)........... 5-6

Conte Bros. Automotive Inc. v. Quaker State-Slick 50 Inc., 165 F.3d 221, 49 USPQ2d 1321 (3d Cir. 1998)........................... 5

Dastar v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003)................ 4

Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167 (2000)........................................................ 1, 3, 6, 7

Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 47 USPQ2d 1769 (Fed. Cir. 1998)........................ 1, 4, 7

Pennwalt Corporation v. Plough, Inc., 85 F.R.D. 257, 208 USPQ 561 (D. Del. 1980)........................... 4

Smith v. McCullough, 270 U.S. 456 (1926)........................................ 3

Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221 (9th Cir. 1989)......... 3

Sybersound Records Inc. v. UAV Corp., 517 F.3d 1137, 86 USPQ2d 1065 (9th Cir. 2008)....................... 5, 6

Tosco Corp. v. Cmtys. for a Better Environment, 236 F.3d 495 (9th Cir. 2001)............................................. 3

Warth v. Seldin, 422 U.S. 490 (1975)............................................ 3-4

United States Constitution

Page

Article III........................................................................ 3, 6, 7

United States Code


| | Page |
|---|---|
| 15 U.S.C. §1125(a) | 1, 2, 4, 5 |
| 35 U.S.C. §292 | 1, 7 |


Federal Rules of Civil Procedure Citations


| | Page |
|---|---|
| Fed.R.Civ.P. 12(b)(1) | 1, 3, 5, 7, 8 |


California State Statute Citations


| | Page |
|---|---|
| Business & Professions Code §17200 | 2, 6 |
| Business & Professions Code §17204 | 6 |
| Business & Professions Code §17500 | 2, 5 |

## I. Introduction

Defendants Stitch 'n Genius, Inc. and Elias Amkie (collectively "SNGI" unless otherwise specified) respectfully move this Court for an *Order*, pursuant to Fed.R.Civ.P. 12(b)(1), dismissing: (a) the *Fifth*, *Sixth*, *Seventh* and *Eighth* counts of the *Complaint*, which allege that SNGI misused the "UL" and "ETL" certification marks, for lack of standing; and (b) the *Sixth*, *Seventh* and *Eighth* counts of the *Complaint* for lack of subject matter jurisdiction as these state law claims include allegations that SNGI improperly used the designation "patent pending" in the promotion of its products. The *Fifth*, *Sixth*, *Seventh* and *Eighth Claims for Relief* have all been brought solely by Plaintiff Tré Milano LLC ("TML").

SNGI submits that TML cannot establish any "concrete and particularized" injury from SNGI's alleged misuse of the "UL" and "ETL" markings that is "fairly traceable" to SNGI's challenged action and therefore lacks standing to assert claims alleging any such violations under either the Lanham Act §43(a), 15 U.S.C. §1125(a), or California state law. *See*, *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 180-181 (2000). TML's *Sixth*, *Seventh* and *Eighth Claims* are state law claims that include allegations of patent mismarking that are preempted by federal patent law, which provides a cause for relief for "false marking" under 35 U.S.C. §292. *See*, *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1321, 47 USPQ2d 1769, 1770 (Fed. Cir. 1998).

## II. TML's *Fifth, Sixth, Seventh* and *Eighth Claims for Relief* *Fail to Allege Any "Injury-in-Fact" and/or Are Preempted by Federal Patent Law*

TML's *Fifth Claim for Relief* alleges violations of the federal Trademark Act,

§43(a), 15 U.S.C. §1125(a), arising from SNGI's alleged misuse of the "UL approved" and "ETL approved" designations in commercial advertising and promotion. This count further alleges that SNGI falsely marked its products in advertising with "patent pending" and that this alleged false marking also constitutes a violation of §43(a) of the Lanham Act.

TML's *Sixth Claim for Relief* seeks to assert a claim for "false advertising" under California's Business & Professions Code, §17500, and incorporates by reference the same factual allegations as presented for its *Fifth Claim for Relief.*

TML's *Seventh Claim for Relief* alleges a claim for "unfair competition" under the Business & Professions Code, §17200, of California law, which incorporates by reference allegations of improper usages of the "UL" and "ETL" certification marks, falsely marking SNGI's products as "patent pending," as well as allegations pertaining to federal trademark and unfair competition under the Lanham Act.

TML's *Eighth Claim for Relief* alleges a California state "common law" claim for unfair competition and "passing off," which alleges misuse of the "UL" and "ETL" certification marks and improper use of the designation "patent pending" and is based upon the same factual allegations as TML's *Seventh Claim for Relief.*

While TML seeks to allege some type of amorphous harm resulting from SNGI's alleged misuse of the "UL" and "ETL" certification marks, SNGI submits that TML cannot, beyond mere "conjectural or hypothetical," establish any "injury-in-fact" to itself that would provide it with standing for asserting the foregoing counts of its *Complaint.*

Further, the allegations of false marking resulting from an allegedly improper use

of "patent pending," which are incorporated into the California state law claims recited in the *Sixth*, *Seventh* and *Eighth* counts of the *Complaint*, seek relief that is otherwise available, and governed by, federal patent law, and thereby preempt such state law claims.

## III. Argument

*A. Standard of Review for Ruling Upon a Fed.R.Civ.P. 12(b)(1) Motion to Dismiss*

"When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). *See, also* *Smith v. McCullough*, 270 U.S. 456, 459 (1926); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Article III, §2, of the U.S. Constitution places a "case or controversy" limitation on the federal judiciary. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; and (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 180-181 (2000).

SNGI respectfully submits that TML cannot reasonably show any "concrete and particularized" harm, that is other than "conjectural or hypothetical," that could possibly injure it if, in fact, TML's allegation that SNGI has misused the "UL" and "ETL" marks is true. *See*, *Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("For purposes of ruling on a

motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Any alleged misuse by SNGI of the "UL" and "ETL" certification marks, if true, is a claim belonging to a party, not presently before this Court, that is otherwise capable of proving injury-in-fact.

Separately, state law claims which allege causes of action that are "governed by federal patent law" are preempted, *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1321, 47 USPQ2d 1769, 1770 (Fed. Cir. 1998) ("To determine whether . . . state law torts are in conflict with federal patent law and accordingly preempted, we assess [the] defendant's allegedly tortuous conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." (emphasis added)), thereby depriving such claims of subject matter jurisdiction.

*B. TML's Fifth Claim for Relief*

The notion that a competitor-plaintiff can assert a §43(a) claim for federal unfair competition as a "vicarious avenger," not having to show injury-in-fact in its own right, was soundly rejected in *Pennwalt Corporation v. Plough, Inc.*, 85 F.R.D. 257, 208 USPQ 561, 565 (D. Del. 1980) ("In contrast to previous applications of this vicarious avenger theory, wherein competitors protected the rights of consumers, Plough urges here that it has standing to raise the claims of other competitors arguably injured by Pennwalt's advertising. In the Court's view, the concept of a vicarious avenger is not so broad."); *see, also* *Dastar v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28-29 (2003) (§43(a)

"does not have boundless application as a remedy for unfair trade practices" and is not a "'federal codification' of the overall law of 'unfair competition' . . . but can apply only to certain unfair trade practices prohibited by its text."); Sybersound Records Inc. v. UAV Corp., 517 F.3d 1137, 86 USPQ2d 1065, 1069-1070 (9th Cir. 2008) (same).

In Associated General Contractors of California Inc v. California State Council of Carpenters, 459 U.S. 519 (1983), the Supreme Court held that Congress incorporated prudential standing principles when it promulgated the Clayton Act, despite statutory language giving "[a]ny person who shall be injured in his business or property" standing to sue under this Act. Id., 459 U.S. at 535 *n.* 31. The language of 15 U.S.C. §1125(a), is similar to that found in the Clayton Act and mandates a showing of injury-in-fact by a plaintiff, as explained in Conte Bros. Automotive Inc. v. Quaker State-Slick 50 Inc., 165 F.3d 221, 49 USPQ2d 1321, 1330-1333 (3d Cir. 1998).

TML can show no "injury-in-fact" resulting from any allegedly improper use of the "UL" and "ETL" certification marks by SNGI. Accordingly, TML's *Fifth Claim for Relief* should be dismissed for lack of standing under Fed.R.Civ.P. 12(b)(1).

*C. TML's Sixth, Seventh and Eighth Claims for Relief*

TML's *Sixth Claim for Relief* seeks to assert a state claim for "false advertising" under the California Business & Professions Code, §17500, alleging the same facts asserted in its *Fifth Claim for Relief.* California's "false advertising" law has been held to contain the same standing/loss causation requirements as its statutory "unfair competition" law. *See*, Buckland v. Threshold Enterprises, Ltd., 155 Cal.App.4th 798, 819 (2007) (Proposition 64 created standing requirements for California's unfair competition law

identical to those of its false advertising law). However, even if such a restriction on standing did not exist in California's statutory law that would otherwise allow such a claim to be brought in state court without a showing of "injury-in-fact," the constitutional requirement for Article III standing in the federal courts would still mandate a showing of direct injury to a plaintiff for supporting standing for the state law claim. *See*, *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, *supra*, 528 U.S. at 180-181.

TML's *Seventh Claim for Relief* alleges a state claim for "unfair competition" under California's Business & Professions Code, §17200. As the Ninth Circuit recently observed in *Sybersound Records Inc. v. UAV Corp.*, *supra*, 86 USPQ2d at 1076 *n.* 7, "Proposition 64 restricted UCL's standing requirement somewhat by requiring a private action be brought by 'any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.' Cal. Bus.& Prof. Code §17204." In *Sybersound*, the plaintiff, alleged a "loss of money," nevertheless the Ninth Circuit found that allowing the plaintiff to assert the rights of parties not before the court "would pose significant problems in administering the equitable remedy provided under the UCL." *Id.*, 86 USPQ2d at 1076-1077 ("Because the unfair competition claim is based upon the misrepresentations that occurred in separate business relationships among karaoke records producers, licensors, and the Customers, the court would be placed in the awkward situation of enforcing private contracts among sophisticated parties who are not all parties to this lawsuit.") Consequently, both the literal language of California's statutory unfair competition law and the federal constitutional requirement of Article III standing would compel dismissal of TML's *Seventh Claim for Relief*.

TML's *Eighth Claim for Relief*, which alleges the same factual allegations as its *Seventh Claim for Relief*, seeks to assert a claim for unfair competition and "passing off" under California's common law. Even if such a claim could be brought in a California state court, TML's unfair competition common law state claim could still not be asserted in a federal court without the showing of "injury-in-fact" as required by Article III. *See*, Friends of the Earth, Inc. v. Laidlaw Environmental Servs., *supra*, 528 U.S. at 180-181.

TML's *Sixth*, *Seventh* and *Eighth Claims for Relief*, the state law claims presented in its *Complain* , should therefore be dismissed for lack of standing under Fed.R.Civ.P. 12(b)(1).

Separately, TML's *Sixth*, *Seventh* and *Eighth Claims for Relief* all incorporate allegations which assert violations of California statutory and common law arising from SNGI's supposed "false marking" of its products in advertising with the term "patent pending." Because patent "false marking" is "governed by the federal patent law," 35 U.S.C. §292, these state law claims are preempted, and therefore subject to dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See*, Hunter Douglas, Inc. v. Harmonic Design, Inc., *supra*, 153 F.3d at, 1321, 47 USPQ2d at 1770 (state law claim "governed by federal patent law" is preempted).

**IV. Conclusion**

Accordingly, Defendants Stitch 'n Genius, Inc. and Elias Amkie respectfully submit that the instant *Motion to Dismiss* should be granted and that Plaintiff Tré Milano LLC's *Fifth, Sixth, Seventh* and *Eighth Claims for Relief* should be dismissed for lack of

standing, while its *Sixth*, *Seventh* and *Eighth Claims* are also properly subject to dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

Respectfully submitted,

STITCH 'N GENIUS, INC. *ET AL.*

By_______________________

Dated: August 13, 2009

Edwin D. Schindler
*Attorney for Defendants*

cc: *Service on Opposing Counsel, Elizabeth Swanson, Jeffrey G. Sheldon and William J. Brutocao, via ECF.*