EDWIN D. SCHINDLER (NY Bar No. 1988880)
Five Hirsch Avenue
P. O. Box 966
Coram, New York 11727-0966
*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@att.net
           EDSchindler@optonline.net

ROBERT E. LYON (California Bar No. 35086)
1055 West 7th Street, Suite 1880
Los Angeles, California 90017
*Telephone*: (213)215-5365
*Fax*: (213)622-7890
*E-Mail*: BobLyon@cox.net

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MM&R PRODUCTS, INC., a California corporation; and TRÉ MILANO, LLC, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> -v.- <br><br> STITCH N' GENIUS, INC., a California Corporation; ELIAS AMKIE, an Individual d/b/a "Kassumi; Does 1 – 10, <br><br> Defendants. | Civil Action No. <br><br> CV09-4082 VBF (RCx) <br><br> **DEFENDANTS' MEMORANDUM TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS UNDER FED.R.CIV.P. 12(b)(6); MOTION TO STRIKE COUNTERCLAIMS UNDER FED.R.CIV.P. 12(f); AND MOTION TO STRIKE COUNTERCLAIMS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 425.16** <br><br> Date: August 31, 2009 <br> Courtroom: 9 <br> Time: 1:30 pm |

STITCH N' GENIUS, INC., a California
    Corporation; and,
ELIAS AMKIE,
    an Individual,

           Counterclaim-Plaintiffs

      -v.-

MM&R PRODUCTS, INC.,
    a California corporation; and
TRÉ MILANO, LLC, a California
    Limited Liability Company,
        Counterclaim-Defendants.

## **TABLE OF CONTENTS**

Page

Table of Cases.................................................................................... ii

United States Code Citations............................................................. ii

Federal Rules of Civil Procedure Citation......................................... ii

California State Statute Citations...................................................... iii

I. Introduction.................................................................................... 1

II. Defendants' Notice Agreeing to Withdraw "Exhibit 3"
    of Their Counterclaims ............................................................... 1

III. The Fed.R.Civ.P. 12(b)(6) Motion to Dismiss, With Respect to
     SNGI's *Sixth Counterclaim*, Should Be Denied......................... 2

    *A. Standard of Review on a Fed.R.Civ.P. 12(b)(6)
        Motion to Dismiss*................................................................ 2

    *B. TML's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss SNGI's Sixth
        Counterclaim for Cancellation of the "InStyler" Trademark
        Registration Should Be Denied*............................................. 3

IV. Conclusion................................................................................... 5

## Table of Cases

| | Page |
|---|---|
| *Ballistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990)............... | 3 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)............ | 3 |
| *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957)................................. | 3 |
| *Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005).............................. | 2 |
| *Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092 (9th Cir. 2005).............. | 3 |
| *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990)................................................................ | 3 |
| *Hishon v. King & Spalding*, 467 U.S. 69 (1984)................................... | 2 |
| *International Order of Job's Daughters v. Lineburg and Company*, 727 F.2d 1087, 220 USPQ 1017 (Fed. Cir. 1984)....................... | 4 |
| *International Telephone and Telegraph Corp. v. International Mobile Machines Corp.*, 800 F.2d 1118, 231 USPQ 142 (Fed.Cir. 1986)....... | 4 |
| *Kellogg Co. v. Pack'Em Enterprises Inc.*, 14 USPQ2d 1545 (T.T.A.B. 1990)..................................... | 4 |
| *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. 1988).................. | 3 |

## United States Code

| | Page |
|---|---|
| 15 U.S.C. §1052(e)(1), §2(e)(1) of the Trademark Act........................... | 1 |
| 15 U.S.C. §1064(1), §14(1) of the Trademark Act ................................ | 4 |

## Federal Rules of Civil Procedure Citations

| | Page |
|---|---|
| Fed.R.Civ.P. 12(b)(6)................................................................ | 1-5 |
| Fed.R.Civ.P. 12(f).................................................................... | 1 |

<u>California State Statute Citations</u>

<u>Page</u>

California Code of Civil Procedure, §425.16………………………………..…    1

-iii-

## I. Introduction

Defendants Stitch 'n Genius, Inc. and Elias Amkie (collectively "SNGI" unless otherwise specified) respectfully respond to the motion to dismiss under Fed.R.Civ.P. 12(b)(6); the motion to strike pursuant to Fed.R.Civ.P. 12(f); and the motion to strike under the California Code of Civil Procedure, §425.16, SNGI's *Second, Third, Fourth, Fifth, Sixth* and *Seventh Counterclaims*, including to strike "Exhibit 3" of SNGI's counterclaims, filed by Plaintiffs MM&R Products, Inc. ("MMR") and Tré Milano, LLC ("TML") (Docket Entry # 17), filed August 6, 2009.

## II. Defendants' Notice Agreeing to Withdraw "Exhibit 3" of Their Counterclaims

SNGI has carefully considered the pleadings filed by MMR and TML on their Fed.R.Civ.P. 12(f) motion to strike "Exhibit 3" of SNGI's *First Amended Counterclaims*, including the Declaration of Elizabeth L. Swanson, an attorney for MMR and TML. While counsel for SNGI question the motives and intents of the e-mail sent by Ms. Swanson to undersigned counsel for SNGI, and whether the e-mail of May 21, 2009, was truly "inadvertent," SNGI's counsel finds the issue sufficiently debatable and has further determined that SNGI's *Second, Third, Fourth, Fifth* and *Seventh Counterclaims* can be sufficiently pleaded, and the allegations proven, <u>without</u> reliance upon the e-mail sent by Ms. Swanson to defense counsel on May 21, 2009. MMR and TML have asked that the Court strike "Exhibit 3" and that "the Counterclaims be re-pled without any reference to Exhibit 3 or its contents." (Plaintiffs' *Memorandum of Points and Authorities* at 5)

Accordingly, SNGI respectfully requests that the Court deny MMR's and TML's various motions to dismiss and strike, as they pertain to SNGI's *Second, Third, Fourth,*

-1-

*Fifth* and *Seventh Counterclaims*, as now "moot" and provide SNGI with a reasonable period of time for filing a further amended version of their counterclaims, as MMR and TML have suggested SNGI do.

Plaintiff's motion to dismiss brought under Fed.R.Civ.P. 12(b)(6) also sought dismissal of SNGI's *Sixth Counterclaim*, which seeks cancellation of TML's trademark registration for "InStyler," U.S. Trademark Registration No. 3,496,525, issued September 2, 2008. This counterclaim is entirely unrelated to the subject matter of SNGI's *Second, Third, Fourth, Fifth* and *Seventh Counterclaims* and will therefore be addressed in this response to the motion to dismiss, filed by MMR and TML on August 6, 2009.

SNGI wishes to point out that, while the cancellation counterclaim is timely and proper in all respects, SNGI states that it is <u>not</u> using – and expressly agrees <u>not</u> to use – the "InStyler" trademark for its competing goods. Consequently, if the allegations of trademark infringement and unfair competition arising from SNGI's alleged use of "InStyler" are removed from the *Complaint*, SNGI would have no reason, and would lose standing, to assert its counterclaim for cancellation and would therefore promptly withdraw its *Sixth Counterclaim*.

### III. The Fed.R.Civ.P. 12(b)(6) Motion to Dismiss, With Respect to SNGI's *Sixth Counterclaim*, Should Be Denied

*A. Standard of Review on a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss*

In evaluating a motion to dismiss, the Court accepts the plaintiff's, or here, SNGI's asserted *Sixth Counterclaim*, as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *See*, <u>Doe v. United States</u>, 419 F.3d 1058, 1062 (9th Cir. 2005) (court must accept all material allegations in the

-2-

complaint – as well as any reasonable inferences to be drawn from them – as true); <u>ARC Ecology v. U.S. Dep't of Air Force</u>, 411 F.3d 1092, 1096 (9th Cir. 2005). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u>, 127 S.Ct. at 1974. The factual allegations "must be enough to raise a right to relief above the speculative level." <u>Id.</u>, 127 S.Ct. at 1965. As MMR and TML acknowledge in their memorandum (at 7) "the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim." <u>See, also Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 *n.* 19 (9th Cir. 1990) (scope of review limited to contents of complaint, though court may also consider exhibits submitted with the complaint); <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

The court should construe the factual allegations in a complaint liberally, and dismissal should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 78 S.Ct. 99, 101-102 (1957); <u>see, also Ballistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory)

### B. <u>TML's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss SNGI's Sixth Counterclaim for Cancellation of the "InStyler" Trademark Registration Should Be Denied</u>

"Cancellation of a mark's registration within the initial five years of registration may be based upon any ground which could have prevented registration initially." <u>Inter-</u>

national Telephone and Telegraph Corp. v. International Mobile Machines Corp., 800 F.2d 1118, 231 USPQ 142 (Fed. Cir. 1986); *see, also International Order of Job's Daughters v. Lindeburg and Company*, 727 F.2d 1087, 220 USPQ 1017 (Fed. Cir. 1984) (cancellation of a mark's registration which did not serve the function of a trademark); *Kellogg Co. v. Pack'Em Enterprises Inc.*, 14 USPQ2d 1545, 1549 (T.T.A.B. 1990) ("registration of a mark may be opposed (or cancelled, if the registration is less than five years old) on the Section 2(e)(1) ground that the entire mark, when applied to the goods or services of the applicant (or registrant), is merely descriptive of them").

SNGI's *Sixth Counterclaim* (at ¶ 39) alleges that "the InStyler" trademark, for which a federal registration issued just last year, "merely describes a feature, function, purpose or use of TML's goods, which are 'electric irons for styling hair,' by which a user of TML's hair styler goods would use the hair styler goods to place his or her hair in a desired hair style." Contrary to TML's assertion in its memorandum (at 17), the fact that "the Trademark Office did not find 'InStyler' to be descriptive" does not bar either a petition for cancellation seeking cancellation on the grounds of descriptiveness from being filed in the Patent and Trademark Office, nor a counterclaim for cancellation in a pending litigation, if brought within five years of issuance of the "Instyler" trademark registration. *See*, §14(1) of the Trademark Act, 15 U.S.C. §1064(1).

TML, the owner of the "InStyler" registration, argues that the "InStyler" registration should be held inherently distinctive, as a matter of law, on its Fed.R.Civ.P. 12(b)(6) motion to dismiss. Because SNGI's *Sixth Counterclaim* properly alleges a cause of action for cancellation of the "InStyler" registration, and because the Court must accept the alle-

-4-

gations of SNGI's *Sixth Counterclaim* as true on a Fed.R.Civ.P. 12(b)(6) motion, <u>Doe v. United States</u>, *supra*, 419 F.3d at 1062 (court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true), the Court cannot properly hold the "InStyler" trademark "distinctive" as a matter of law at the pleadings stage of this litigation and should therefore deny TML's motion to dismiss SNGI's *Sixth Counterclaim*.

### IV. Conclusion

Accordingly, Defendants Stitch 'n Genius, Inc. and Elias Amkie respectfully submit that the Fed.R.Civ.P. 12(b)(6) motion to dismiss the *Sixth Counterclaim* should be denied.

The motions to dismiss and strike the *Second*, *Third*, *Fourth*, *Fifth* and *Seventh Counterclaims* should be denied as moot, in view of Defendants' decision to now withdraw "Exhibit 3" of their *First Amended Counterclaims* and, as suggested by Plaintiffs, Defendants should be provided with the opportunity to re-plead the subject matter of their *Second*, *Third*, *Fourth*, *Fifth* and *Seventh Counterclaims* without reference to "Exhibit 3."

Respectfully submitted,

STITCH 'N GENIUS, INC. *ET AL.*

By /s/ Edwin D. Schindler

Dated: August 17, 2009

Edwin D. Schindler
*Attorney for Defendants*

cc:   Service on Opposing Counsel, Elizabeth Swanson, Jeffrey G. Sheldon and William J. Brutocao, via ECF.

-5-