Jeffrey G. Sheldon (State Bar No. 67516)
William J. Brutocao (State Bar No. 75959)
A. Eric Bjorgum (State Bar No. 198392)
E-Mail: william.brutocao@usip.com
SHELDON MAK ROSE & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California  91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Elizabeth Swanson (State Bar No. 150894)
SWANSON & ASSOCIATES
9454 Wilshire Boulevard, Suite 500
Beverly Hills, California  90212
Telephone: (310) 860-0880
Facsimile:  (310) 860-0830
Email: els@elswansonlaw.com

Attorneys for Plaintiffs and Counterdefendants
MM&R PRODUCTS, INC. and TRĒ MILANO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MM&R PRODUCTS, INC., a California corporation, and TRĒ MILANO, LLC, a California limited liability company,<br>          Plaintiffs,<br>     v.<br>STITCH N' GENIUS, INC., a California corporation, ELIAS AMKIE, an individual; and DOES 1 – 10, inclusive,<br>          Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | Case No.  CV 09-04082 VBF (RCx)<br><br>[**PROPOSED**] STIPULATED PROTECTIVE ORDER<br><br>NOTE: CHANGES MADE BY THE COURT |

STIPULATED PROTECTIVE ORDER

# PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order or by further Order of the Court, this Order shall remain in effect both through and after the conclusion of this litigation.

The parties herein anticipate that documents, testimony, and information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information are likely to be disclosed in this litigation, and request that the Court enter this Order setting forth the conditions for the disclosure, treatment, and use of such information. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for and enters this Protective Order ("Order").

1. DEFINITIONS

    (a) "Confidential Information" means any Discovery Material that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided for in this Order. Confidential Information may be incorporated within or include documents, tangible things, and witness testimony.

    (b) "Discovery Material" means all information, including from any non-party to this action, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that is produced, disclosed, or generated in connection with discovery in this matter.

    (c) "Party" means any party to this action, including all of its officers, directors, and employees.

(d) "Producing Party" means any Party or third party who discloses or produces any Discovery Material in this action. Any third party invoking the protections of this Protective Order agrees that such party has read and understood the Protective Order and shall sign the acknowledgment attached as Exhibit A.

(e) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

2. SCOPE AND PURPOSES

(a) The protections conferred by this Order cover and govern the designation of, use, and disclosure of Confidential Information and related Discovery Material, including any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, including testimony, conversations, or presentations by Producing Parties or Receiving Parties or their counsel in Court or in other settings that might reveal Confidential Information.

(b) Confidential Information shall be used solely for this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Confidential Information shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(c) Any Producing Party who designates Confidential Information under this Order shall do so only with a good faith belief that the designated material is Confidential Information that is protectable under Federal Rule of Civil Procedure 26(c) and the terms of this Order. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection asserted, the Producing Party must

promptly notify all other parties that it is withdrawing or changing the designation.

(d) Any person challenging a Producing Party's designation of Confidential Information under this Order shall do so only with a good faith belief that designated material is not protectable Confidential Information under Federal Rule of Civil Procedure 26(c) and the terms of this Order.

3. <u>LIMITATIONS AND PRESERVATION OF RIGHTS</u>

(a) Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Confidential Information for any purpose.

(b) Nothing in this Order shall preclude any person or party from disclosing Confidential Information to an individual who prepared the Confidential Information or is already in possession of the Confidential Information.

(c) Nothing in this Order shall restrict in any way the use or disclosure of Confidential Information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that has been previously produced, disclosed or provided by the Producing Party to any other party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to order of the Court.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use any Confidential Information in Court or in any Court filing with consent of the Producing Party or Order of the Court.

(e) This Order is without prejudice to the right of any Party or non-party to seek further or additional protection of any Confidential Information, to de-designate Confidential Information, or to modify this Order in any way, including, without limitation, seeking: (1) a protective order that certain Confidential Information or Discovery Material not be produced at all; (2) to compel the disclosure of or de-designate Confidential Information or Discovery Material; or (3) to modify, add to, or remove provisions set forth in this Order.

4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

(a) Secure Storage. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b) Legal Advice Based on Confidential Information. Nothing in this Order shall prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Confidential Information, provided Counsel does not disclose the Confidential Information itself except as provided in this Order.

5. DESIGNATING CONFIDENTIAL INFORMATION

(a) Available Designations. A Producing Party (including third parties) may designate its own Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any third party invoking the protections of this Protective Order agrees that such party has read and understood the Protective Order and shall sign the acknowledgment attached as Exhibit A.

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 5(a) may be so designated by placing the appropriate designation on every page of the written material. In the event that original documents are produced for inspection, the Producing Party may produce the original documents for inspection with a temporary designation that is suitable under the circumstances, provided that copies of the original documents shall be similarly designated by placing the appropriate legend on the copies when they are produced to or by the Receiving Party.

(c) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation (i) by indicating on the record at the time the testimony is given or (ii) by sending written notice that the testimony is designated within thirty (30) calendar days of receipt of the transcript of the testimony. Whether or not any designation is made at the time the testimony was given, all testimony shall be treated as if it had been designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" from the date of the testimony until thirty (30) calendar days after receipt of the transcript of the testimony. Testimony not designated either orally at the time of the testimony or by written notice to the Parties within thirty (30) calendar days after receipt of the transcript of the testimony shall be deemed not to be Confidential Information, subject, however, to the other terms of this Order. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains

confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except as permitted by the Protective Order, by order of the Court, or pursuant to written stipulation of the parties."

6. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)  A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

(b)  Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)  The Receiving Party's outside litigation counsel of record as of the signing of this protective order and their staff;

(ii)  Any expert or consultant retained by the Receiving Party to assist in this action (as well as members of such person's staff to whom disclosure is reasonably necessary for this litigation), provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) each such person (including staff members) has signed the acknowledgement form annexed hereto as Exhibit A, (b) a copy of the signed acknowledgement form has been provided to all outside counsel of record, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b) below;

(iii)  Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and Court personnel;

(v)      Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party;

(vi)     Any other person with the prior written consent of the Producing Party; and

(vii)    Any mediator selected by the parties to mediate this action.

7. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.

(b)     Discovery Material designated as "CONFIDENTIAL" may be used only in connection with this action and disclosed only to the following:

(i)      Those persons to whom Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed;

(ii)     Parties to this action; and

(iii)    Any other person with the prior written consent of the Producing Party.

8. EXPERTS AND CONSULTANTS

(a)     Experts and consultants receiving Confidential Information shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party, unless the parties so-agree that such an individual can receive Confidential Information.

    (b) Experts and consultants receiving Confidential Information shall not consult to a Party or to a competitor of a Party on matters other than the present lawsuit.

    (c) Prior to disclosing any Confidential Information to any outside experts or consultants, of a Receiving Party, the party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) a copy of the signed acknowledgment form annexed hereto as Exhibit A.

    (d) Within ten (10) calendar days of receipt of the disclosure of the proposed outside expert or consultant, or the Producing Party may object in writing to the disclosure of its Confidential Information to such person for good cause.  In the absence of an objection at the end of the ten (10) day period, the person shall be deemed approved under this Order.  There shall be no disclosure of Confidential Information to such person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to such person within the ten (10) day period, the parties shall meet and confer within five (5) business days, unless the parties stipulate in writing to extend the meet and confer period, and attempt in good faith to resolve the dispute.  If the dispute is not resolved, the party objecting to the disclosure will have ten (10) calendar days from the date of the meet and confer to seek relief from the Court, pursuant to Local Rule 37, unless otherwise agreed by the parties.  If relief is not sought from the Court within that time (or any other time agreed to by the parties), the objection shall be deemed withdrawn.  If relief is sought, the objecting party's Confidential Information shall not be disclosed to such person until the objection is resolved by the Court.

(e) For purposes of this section, "good cause" shall include an objectively reasonable concern that the expert or consultant will, advertently or inadvertently, use or disclose Confidential Information in a way or ways that are inconsistent with the provisions contained in this Order including, in particular, for a purpose other than related to this litigation (e.g., for competitive decision making, for developing its own products or technologies, or to misappropriate competitor trade secrets).

(f) Prior to receiving any Confidential Information under this Order, the proposed outside expert, consultant or any member of their respective staffs must execute a copy of the "Agreement to Be Bound by Protective Order" attached as Exhibit A to this Order.

(g) Confidential Information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently returns any and all copies of such Confidential Information to the Producing Party promptly upon termination of their engagement or in compliance with the provisions of Section 15 (Final Disposition), whichever occurs sooner.

9. CHALLENGING DESIGNATIONS OF CONFIDENTIAL INFORMATION

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material as Confidential Information under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Other than challenges to a designation made at a deposition or hearing (which challenges may be made orally on the record at the time of the testimony), any challenge to a designation of Discovery Material under this Order

shall: (i) be written and served on outside counsel for the Producing Party, (ii) shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and (iii) shall particularly identify the grounds for the objection to the designation. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    (i) The objecting party shall have the burden of conferring with the Producing Party claiming protection in a good faith effort to resolve the dispute, as set forth in Local Rule 37-1;

    (ii) Failing agreement, the objecting party may bring a motion that the Discovery Material is not entitled to the designation made by the Producing Party, as set forth in Local Rule 37-2;

    (iii) This Order shall not preclude or prejudice any Producing Party or any Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

    (iv) Notwithstanding any challenge to a designation, the Discovery Material shall continue to be treated as designated by the Producing Party under this Order until otherwise resolved by agreement of the parties or by further order of the Court.

10. <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Confidential Information is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to every Producing Party who has produced such Discovery Material and to its counsel and

shall provide each such Producing Party with an opportunity to move for a protective order regarding the production of confidential materials.

11. <u>FILING CONFIDENTIAL INFORMATION</u>

(a) Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Confidential Information.

(b) Any Receiving Party is authorized under Local Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Confidential Information under this Order.

(c) In the event that the Court, sua sponte, declines to allow the filing under seal of Confidential Information so designated by someone other than the filing party, a filing containing purported Confidential Information shall not be considered untimely as a result of any dispute or issue relating to the propriety of the designation as Confidential Information.

12. <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

(a) The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity will not waive the applicable privilege or immunity if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party, using due diligence, learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged or immune, each Receiving Party shall immediately (i) return to the Producing Party or destroy such Discovery Material and all copies and supply written notice to the Producing Party that it has done so and retained no copies; or (ii) object to the assertion of

privilege or immunity and make no further disclosure of the Discovery Material until the matter is resolved pursuant to a motion to be made by the Producing Party within ten (10) calendar days.

(c) Nothing herein shall prevent the Receiving Party from preparing a record containing the date, author, recipients, and topic of the inadvertently produced Discovery Material and such other non-privileged/non-immune information as is reasonably necessary to identify and describe the Discovery Material in any motion to compel production of the Discovery Material.

13.  INADVERTENT FAILURE TO DESIGNATE

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Confidential Information with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party promptly notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order after learning of the inadvertent failure to so designate.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material <u>(subject to the exception in Paragraph (c) below)</u> at the appropriately designated level pursuant to the terms of this Order.

(c) If the Receiving Party disputes the designation, the provisions of Section 9 shall apply to that dispute.

14. <u>INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

(a) In the event of a disclosure of any Confidential Information pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Receiving Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Confidential Information has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive the right to hold the disclosed document or information as protected.

15. <u>FINAL DISPOSITION</u>

(a) Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each Party shall return to the respective outside counsel of the Producing Party or destroy all Confidential Information of a Producing Party.  All Receiving Parties of any such Confidential Information shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.

(b) Notwithstanding the provision for return or destruction of Confidential Information in paragraph (a) above, outside counsel may retain pleadings, correspondence to or from counsel for the opposing Party(ies), and

attorney and consultant work product that include or refer to another party's Confidential Information as part of the case record and for archival purposes.

16. DURATION AND JURISDICTION

Even after the termination of this case, this Order and its terms, requirements, and effects shall survive and remain in full force and effect in its entirety until this Court otherwise directs by order.  The Court shall retain jurisdiction over any and all persons and parties bound by this Order for the purposes of hearing and resolving any disputes related to or arising out of this Order for 30 days after entry of judgment or dismissal.

17. MISCELLANEOUS

(a) Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Successors.  This Order shall be binding upon the Parties hereto, their attorneys, successors, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(c) Burdens of Proof.  Nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

     (d)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Order.  All disputes concerning Confidential Information, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California, Western Division.

Dated:  September 17, 2009     SHELDON MAK ROSE & ANDERSON PC

By: /s/A. Eric Bjorgum_____
   Jeffrey G. Sheldon
   William J. Brutocao
   A. Eric Bjorgum

Attorneys for Plaintiffs/Counterdefendants MM&R PRODUCTS, INC. and TRE MILANO, LLC

Dated:  September 17, 2009     EDWIN D. SCHINDLER
     ROBERT E. LYON

By: /s/Robert E. Lyon_____
   Edwin D. Schindler
   Robert E. Lyon

Attorneys for Defendants/Counterclaimants STITCH N' GENIUS, INC. and ELIAS AMKIE

ORDER

    IT IS SO ORDERED, as amended at paras. 8(d), 9(b)(i) & (ii) and 16.

Dated: _September 21, 2009__     _/S/ Rosalyn M. Chapman ___
     United States Magistrate Judge

# EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in MM&R Products, Inc. v. Stitch 'n' Genius, Inc., Case No. CV 09-04082 VBF (RCx) (Central Dist. of California).  I have read the Order, I understand and agree to be bound by its terms, and I consent to the jurisdiction of the Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____


Dated: _____

_____
[Signature]