Jeffrey G. Sheldon (State Bar No. 67516)
William J. Brutocao (State Bar No. 75959)
SHELDON MAK ROSE & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: william.brutocao@usip.com

Elizabeth Swanson (State Bar No. 150894)
SWANSON & ASSOCIATES
9454 Wilshire Boulevard, Suite 500
Beverly Hills, California 90212
Telephone: (310) 860-0880
Facsimile: (310) 860-0830
Email: els@elswansonlaw.com

Attorneys for Plaintiffs
MM&R PRODUCTS, INC. and TRE MILANO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MM&R PRODUCTS, INC., a California corporation, and TRE MILANO, LLC, a California limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>STITCH N' GENIUS, INC., a California corporation, ELIAS AMKIE, an individual; and DOES 1 – 10, inclusive,<br><br>　　　　　Defendants.<br><br>─────────────────<br>AND RELATED COUNTERCLAIM. | Case No. CV09-4082 VBF (RCx)<br><br>PLAINTIFFS' REPLY RE ATTORNEYS' FEES, PER THE COURT'S ORDER OF AUGUST 25, 2009 |

# INTRODUCTION

Plaintiffs should be awarded their requested fees ($11,522.75) plus additional fees for drafting their sur-reply in this matter ($12,557.00) and for drafting this fee brief ($1,775), for a total of award of $25,854.75. This amount is very reasonable for a complex anti-SLAPP brief in which the Court ordered additional briefing and Defendants obliged with 21 pages of new argument.

Recently, in *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 97 Cal.Rprt.2d 196 (2009), the California Court of Appeal upheld an award of over $112,000 on an anti-SLAPP motion based upon counterclaims of malicious prosecution, abuse of process and other causes of action. That case presents facts and arguments similar to those made by Defendants here. Thus, Plaintiffs' request for $25,854.75 is very reasonable.

# ARGUMENT

## I. Defendants Misquote the Applicable Law and Standard for Assessing anti-SLAPP Fees in a Federal Matter.

Defendants identify the incorrect standard for assessing fees under the anti-SLAPP statute in federal court. Because the anti-SLAPP statute provides a substantive state law right, the standard for assessing fees is under California law, not federal law. The Ninth Circuit made this clear over 10 years ago. In *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995), the Court stated that, in a diversity action where state law provided the grounds for a fee award, "Whether to hold a hearing is a matter of court administration, whereas calculation of the amount of the fee is bound up in the substantive state right" (citing *Shakey's Inc. v. Covalt*, 704 F.2d 426 (1983) (substantive state law dictates award of fees but whether to hold evidentiary hearing is procedural).

Both California and district courts in the Ninth Circuit calculate fees using the 'lodestar' method. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. The lodestar figure is presumptively a reasonable fee award, though it may be adjusted. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir.2001); *PLCM Group v. Drexler*, 95 Cal.Rptr.2d 198 (2000).

In fact, even though the Ninth Circuit and California both employ the lodestar method, Defendants misquoted that standard as well. Defendants cite *Frank Music Corp. v. Metro-Goldwyn-Mayer*, 886 F.2d 1545 (9th Cir. 1989) for the proposition that Ninth Circuit law "require[s]" that time records or reconstructed time records supported by other evidence be supplied. This is not what *Frank Music* says, and it is telling that the case is 30 years old and decided long before the anti-SLAPP statute was adopted.

*Frank Music* actually says "[t]he lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.* 886 F.2d at 1557. The Court made this statement despite the fact that the attorney in *Frank Music* had actually reconstructed 7 years of time from memory, and the district court had found that 300 hours were billed for a task that should have taken **one** hour. Simply put, there is no requirement that actual bills be filed with an anti-SLAPP fee request. *American Humane Ass'n v. Los Angeles Times Communications*, 92 Cal.App.4th 1095, 1103-1104, 112 Cal.Rptr.2d 488, 494 - 495 (2001) (" In the absence of any language in sections 425.16, 1033.5, or 1034, subdivision (a), or the pertinent provisions of the court

rules requiring that the special motion to strike include documentation of attorney fees and costs incurred, we cannot accept plaintiff's analysis").

A contemporary case from the Southern District of California recently stated the law with regard to anti-SLAPP fee awards as follows:

> The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305-06 (9th Cir.1994). An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Reasonableness depends in part on "the success of the attorney's efforts." *Church of Scientology,* 42 Cal.App.4th at 659, 49 Cal.Rptr.2d 620.
>
> \*\*\*
>
> A reasonable fee is determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir.1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Group v. Drexler,* 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198, 997 P.2d 511 (2000).

*Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1185 (S.D.Cal., 2008).

Further, as stated in *Kearney*, work on claims based heavily (or "intertwined") with allegations based on protected activity should also be compensated under the anti-SLAPP statute. *Id.* ("defendant is entitled to recover all reasonable attorney's fees incurred in bringing his successful motion to strike and all reasonable fees associated with his motion to dismiss to the extent the

motion was premised on the *Noerr-Pennington* doctrine and/or the litigation privilege") (*citing Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 785, 54 Cal.Rptr.2d 830 (1996)).

Therefore, the starting place in the fee analysis is the lodestar number and the understanding that a fee award is mandatory in this matter because Defendants have filed a baseless case based upon activity protected under the Constitution.

Here, the Court found that the majority of Defendants' counterclaims "arise from an act in furtherance of Plaintiffs' petitioning rights, i.e., their notification of third parties, by reference to their complaint, of allegedly infringing activity." Order at 4. Therefore, the fees incurred in connection with defending these important rights should be awarded to Plaintiffs. Just as in *Kearney*, rights of petition and rights arising under *Noerr-Pennington* were the foundation for the anti-SLAPP motion and intertwined with that motion. That is the reason Plaintiffs brought a motion to dismiss under the litigation privilege / *Noerr-Pennington*.

## II.   Plaintiffs' Rates Are Reasonable

In the Bjorgum Declaration filed with the reply brief, counsel for Plaintiffs laid out in detail the hours spent and their rates. If the rates and time appear reasonable, the total for time spent on this matter is presumptively reasonable.

First, Plaintiffs' counsel's rates are very reasonable. Eric Bjorgum did a majority of the writing and research on these briefs, and his rate is $355 per hour, which is reasonable for an attorney practicing mainly intellectual property law with over ten years of experience and several years working on anti-SLAPP matters. Jeff Sheldon has decades of experience and has written a recognized treatise on patent prosecution for PLI. Yet his rate is below $600 per hour. William

Brutocao served as an intermediary editor and appeared at the argument in this matter, which was successful.

Indeed, in a detailed ruling attached hereto in the *Bartholomew v. Tournament of Roses*, Judge Carney of this district found the rates for Messrs. Sheldon, Bjorgum and Piper (Plaintiffs' paralegal) to be reasonable. Declaration of A. Eric Bjorgum in Support of Plaintiffs' Reply re Attorneys' Fees ("Bjorgum Decl."), Exh. A, at pages 16-18. The adverse party in *Bartholomew* was in *pro per*, so if this District found counsel's fees reasonable against a *pro per* party, it stands to reason that the rates are very reasonable against a party represented by able counsel.

As Judge Carney found, District Courts in Southern California have found to be reasonable rates of $500-$600 for experienced partners (citing *Toven v. Met. Life Ins. Co.*, 2009 WL 578538; *Brighton Collectibles v. Coldwater Creek*, 2009 WL 160235), $325 for third year associates (citing same), and $150 for paralegals (citing same).

### III. The Amount of Time Spent Was Reasonable

In the present matter, Plaintiffs provided a declaration detailing the time spent. Defendants argue that time records are necessary. Again, the law is to the contrary. Construing the anti-SLAPP statute, one California Court stated:

> The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (See *Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1398, 84 Cal.Rptr.3d 754; *Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587, 46 Cal.Rptr.2d 677.) Raining Data's attorneys provided declarations detailing their experience and

expertise supporting their billing rates, and explained the work provided to Raining Data. Barrenechea did not offer any evidence to challenge any statement in Raining Data's counsel's declarations. *Raining Data Corp. v. Barrenechea*, 175 Cal.App.4th 1363, 1375-1376, 97 Cal.Rptr.3d 196, 205 - 206 (2009).[1]

The *Raining Data* case is a very apt analogy to this case. There, the Court of Appeal affirmed a fee award on an anti-SLAPP motion of **$112,353.75**.  17 Cal. App. 4th at 1367. There, like here, the claims in a cross-complaint were based on the acts of "(1) filing the complaint, and (2) communicating with [Defendant's] customers and potential customers." The cross-claims were for malicious prosecution and abuse of process, as well as "classic claims of protected and unprotected activity." 175 Cal.App.4th 1368-69. Finally, there, as here, the losing anti-SLAPP defendant complained that two firms had worked on the anti-SLAPP motion and that detailed billing statements were not provided *Id.* at 1375.

As noted, the Court affirmed an award of over $112,000 on an anti-SLAPP motion in that matter. As further noted, the Court found detailed billing statements unnecessary. It also found that the work from two law firms was not duplicative. *Id.* at 1376. The Court found that an "assertion that is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative is insufficient to disturb the trial court's discretionary award of attorney fees." *Id.*

---

[1] Though contemporaneous time records are not required, Plaintiffs will provide them if the Court wishes. This would seem unnecessary because the time spent on this brief was very reasonable for a federal court anti-SLAPP motion involving patent issues.

Further, Defendants' main argument on the reasonableness of fees is that Plaintiffs' counsel spent too long on the reply brief. (Supplemental memorandum at 5.) However, the source of Plaintiffs' billing on the reply brief was that Defendants appeared to have little idea how the anti-SLAPP procedure works or what they were required to show. Defendants' argument was strange and unorthodox -- so much so that this Court ordered them to file another brief addressing the substantive issues. Docket No. 36. This required Plaintiffs to file another brief. If Defendants had done their job, one entire round of briefing would have been unnecessary.

## IV. Defendants' Remaining Arguments Are Unavailing

Having shown that the rates and time spent to be reasonable, Plaintiffs' counsel now turns to Defendants' remaining arguments and addresses each in turn.

### A. Case Law Provides That Plaintiffs Correctly Asked For Fees Before the Hearing.

Defendants argue that there is no foundation for requesting fees on amounts "expected" to be spent because the fees request was filed before the hearing. (Opposition to Fee Request, at page 4, paragraph 3.) Obviously, Plaintiffs did not know in advance exactly how much time would be spent preparing for the hearing. This is a recognized problem when fees are mandatory. As one court put it:

> "the practicality of the situation leads to the commonsense conclusion that it is not mandatory the attorney fee request be documented at the time the special motion to strike is filed. In the event the trial court grants the special motion to strike, the moving defendant will be able to more accurately document the fees and costs actually incurred if the amount is

> fixed at a later date as permitted by rule 870.2(b)(1) of the California Rules of Court. Given the early time frames in the litigation process that a special motion to strike must be filed (§ 425.16, subd. (f)), a moving defendant may have little firm knowledge of what a plaintiff will present when the factual showing of the probability of success is made in the opposition. In other words, the total cost of the special motion to strike and any related discovery permitted by the court can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted.

*American Humane Ass'n v. Los Angeles Times Communications* 92 Cal.App.4th 1095, 1103-1104, 112 Cal.Rptr.2d 488, 494 - 495 (Cal.App. 2 Dist., 2001).

### B. The Bjorgum Declaration Should Be Considered in Its Entirety

Defendants argue that the Bjorgum declaration contains inadmissible hearsay as to the amounts incurred by other attorneys. However, Plaintiffs are not required to put in evidence that would be admissible at trial in order to calculate their fee award. Plaintiffs must substantiate a reasonable lodestar amount. The Bjorgum declaration does that. It identifies attorneys, their qualifications and their rates and time. There is no reason to clutter the record with multiple declarations just to state amounts of time spent. The object here is to provide the Court with sufficient detail to evaluate the fees requested -- not to have a trial on factual matters. Finally, Plaintiffs would be willing to provide redacted details of their bills, but the time and difficulty required to provide this analysis would not be justified by the award. Plaintiffs intentionally asked for a modest amount of fees so that the request could be prepared and evaluated with the least amount of effort.

## V. Plaintiffs are entitled to their fees for the additional briefing.

Finally, Plaintiffs are entitled to additional fees for their work on the anti-SLAPP sur-reply. The Court, upon reading Defendants' original Opposition, ordered that Defendants provide additional briefing on the issue. Dkt. #36. Defendants then provided a document that contained significant new argumentation on the anti-SLAPP motion—in other words, the document they should have prepared in the first place.

Defendants' "Substantive Opposition" was 21 pages of legal argument. Plaintiffs were forced to re-evaluate the issues and provide detailed refutations of Defendants' points. Eric Bjorgum, lowest billable-rate associate for Plaintiffs, spent 24 hours on the sur-reply. Bill Brutocao spent 8.5 hours. Jeff Sheldon spent one hour, and Plaintiffs' paralegal spent 0.9 hours. In reviewing these bills, Plaintiffs counsel discounted time for preparing and attending the hearing, because that was already included in the original reply brief. The additional time spent on the sur-reply amounted to $12,557.00. Bjorgum Dec., ¶ 4.

Mr. Bjorgum spent an additional 5 hours on this fee brief, totaling $1,775. Bjorgum Decl., ¶ 5.

On the initial set of briefs, Plaintiffs requested $11,552.75. **Therefore, the total amount requested on the anti-SLAPP motion is $25,854.75.** Bjorgum Decl., ¶ 6. This amount is eminently reasonable. By contrast, in the recent *Raining Data* case, the California Court of Appeal affirmed an award of $112,353.75. 175 Cal. App. 4th at 1367.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for fees in the amount of $25,880.25 should be granted.

Dated:  October 5, 2009             SHELDON MAK ROSE & ANDERSON PC

By: _____
     A. Eric Bjorgum
     Attorneys for Plaintiffs
     MM&R PRODUCTS, INC. and TRE
     MILANO, LLC

## PROOF OF SERVICE
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **October 5, 2009**, I served the following document(s):

    X  The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

    a. **Name** of person served:

    b. **Address** of person served:

    c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

    d. Time of service, if personal service was used:

    X The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

    a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

    b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

    (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

    c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. ☒ **By E-FILING.** The document will be E-Filed and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **October 5, 2009** at Pasadena, California.

_____
Donald K. Piper

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **October 5, 2009** at _____, California.

_____            _____
(Name of Declarant)                                          (Signature of Declarant)

## ATTACHMENT "A" TO PROOF OF SERVICE

**LIST OF DOCUMENTS SERVED:**

1. PLAINTIFFS' REPLY RE ATTORNEYS' FEES, PER THE COURT'S ORDER OF AUGUST 25, 2009;

2. DECLARATION OF A. ERIC BJORGUM IN SUPPORT OF PLAINTIFFS' REPLY RE ATTORNEYS FEES, PER THE COURT'S ORDER OF AUGUST 25, 2009.

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Edwin D. Schindler, Esq. | LAW OFFICES OF EDWIN D. SCHINDLER<br>Five Hirsch Avenue<br>P. O. Box 966<br>Coram, New York 11727-0966<br>T: (631) 474-5373<br>F: (631) 474-5374<br>E-Mail: EDSchindler@att.net, EDSchindler@optonline.net | ECF |
| Robert E. Lyon, Esq. | 6424 Via Colinita<br>Rancho Palos Verdes, CA 90275<br>T: (213) 215-5365<br>F: (213) 622-7890<br>E-Mail: BobLyon@cox.net, | ECF |